BILL BRAEDER, Appellant, v. FRANK ARMITAGE, Respondent.

(168 N. W. 171.)

**Justice court — change of venue — motion for — affidavit in support of — must be made by party — attorney cannot make.**

1. Section 9036, Compiled Laws 1913, relating to a change of venue from a justice court, provides that the affidavit in support of such change of venue shall be made by the party applying for such change of venue. *Held* that the affidavit cannot be made by the attorney for the party.

**Justice court — appeal from — on questions of law alone — notice should so specify — omission to so specify — may be cured by stipulation.**

2. Where an appeal is taken from a justice court upon questions of law only, and the notice of appeal does not so specify, a stipulation in writing between the

parties to the action, that the appeal is upon questions of law only, supplies the want of the statement to that effect in the notice of appeal.

Opinion filed May 22, 1918.

Appeal from the District Court of Hettinger County, North Dakota. Reversed.

*Jacobsen & Murray,* for appellant.

Even though the justice lost jurisdiction by ordering the change of place of trial, still he acquired jurisdiction of the trial by the voluntary appearance of defendant before him and by defendant contesting the case upon the merits. Comp. Laws 1913, § 9018; Heard v. Holbrook, 21 N. D. 348, 131 N. W. 251.

But the justice did not lose jurisdiction by making the order changing the place of trial, because such order was void in that it was not based upon an affidavit by the party seeking the change. An affidavit made by the attorney is not a compliance with the statute. Comp. Laws 1913, § 9036; 24 Cyc. 508; Cromer v. Watson, 59 S. C. 488, 38 S. E. 126.

Defendant cannot impeach the transcript of the justice. Heard v. Holbrook, supra; Hanson v. Gronlie, 17 N. D. 191.

The notice of appeal should contain a specification that the appeal is upon questions of law only. This requirement is mandatory. In the absence of such specification there is no such appeal. Comp. Laws 1913, § 9164; Grovenor v. Signor, 10 N. D. 503.

The fact that he served with his notice of appeal a statement of errors would not have prevented him from obtaining and having a trial on the merits. What he did, not what he intended to do, controls. Comp. Laws 1913, § 9164.

*Otto Thress,* for respondent.

When a motion for change of venue is made in justice court, supported by proper affidavit, and the motion is granted and papers in the case transferred to another justice's court, the first justice has lost jurisdiction of the case for all purposes. Comp. Laws 1913, § 9038; Lacy Fruit Co. v. McClellan, 25 N. D. 499, 142 N. W. 44.

Jurisdiction of a cause is not lost until the order of transfer is made; such order completely devests the justice making it, of all jurisdic-

tion.    Grundhauser Threshing Co. v. Thress (N. D.) 162 N. W.
558.

A justice's docket is deemed to be correct and cannot be attacked
in a collateral proceeding.    Comp. Laws 1913, § 9012.

The attack here is not collateral.    It is a direct challenge to the
entries appearing, upon which rests the justice's jurisdiction.    23
Cyc. 1089; Christenson v. Esheck (Neb.) 149 N. W. 76.

Finding of the lower court, though based upon conflicting evidence,
should not be disturbed by the supreme court unless it clearly appears
that the lower court was wrong.    The docket entry of the justice
shows that defendant appeared generally.    Defendant states positively
in his affidavit that he did not do so.    Upon such showing the lower
court found that defendant did not make a general appearance.    4
C. J. 777.

The stipulation of the parties to the effect that the appeal was taken
on questions of law only is sufficient, and supplies any omission to so
state, in the notice of appeal.

Further, the specifications of error attached to and served with
the notice of appeal are sufficient to apprise respondent and court of
the nature of the appeal.    In any event such defects were waived by
the respondent.    31 Cyc. 718, 724, 733.

GRACE, J.    Appeal from the District Court of Hettinger county,
North Dakota.

This was an action brought before a justice court before one Barth,
justice of the peace of Mott, North Dakota, for $13.50 for alleged
balance due on a labor account.    Summons was returnable August 26,
1916, at 10 o'clock A. M.    On August 25, 1916, the defendant's at-
torney filed an affidavit and motion for change of venue with said
justice of the peace, which affidavit was signed by the defendant's
attorney, Otto Thress.    The motion for change of venue was granted,
and the action was, by the justice, transferred or attempted to be trans-
ferred to Justice McCain, who notified both parties of the time and
place of hearing before him, which was August 26, 1916, at 10 o'clock
P. M.

On August 26, 1916, at 10 o'clock A. M. plaintiff made application
to justice of the peace, Barth, to have the order granting the change
of venue reversed, which was done on the motion of the plaintiff.

On August 26, 1916, at 10 o'clock A. M., defendant was requested

by plaintiff's attorney to go to the rooms of Barth, the justice of the peace. The defendant claims he remonstrated, but he did go, and the case was tried so far as the plaintiff was concerned. Defendant was called as a witness for plaintiff and cross-examined by the plaintiff. The defendant was not represented by an attorney, and did nothing further in the case than testify when called by the plaintiff. Justice McCain had returned the papers to Barth at the request of J. K. Murray, the attorney for plaintiff.

One of the main questions presented is: Did Justice of the Peace Barth lose jurisdiction of the case by the granting of the motion for a change of venue? The decision of this question is decisive of the appeal. It will be remembered that the affidavit for the change of venue was made by Otto Thress, the attorney for the defendant, and not by the defendant. The section of our statute relating to this subject is § 9036 of the Compiled Laws of 1913. That section requires the affidavit in application for a motion for a change of venue from a justice of the peace to be signed by the party applying for the change of venue, which affidavit shall be to the effect that the party who makes and files the affidavit believes he cannot have a fair and impartial trial before such justice by reason of the interest, prejudice, or bias of the justice. It is under this subdivision of said section that affidavit in question was made. The section plainly states that the affidavit shall be made by the party. This would seem to preclude the making of the affidavit by the attorney.

We are of the opinion that the affidavit made by the defendant's attorney, in this case, was void and of no effect, and in no manner affected the venue of the action. The affidavit should have been made by the defendant. The above section refers exclusively to practice in the justice court.

In an appeal from a justice court upon questions of law alone, the notice of appeal should specify that the appeal is upon questions of law alone; and where an appeal is taken and such specification is not made in a notice of appeal, we think the appeal would not be effective, but, in the case at bar, we think stipulation entered into between the parties to the action removed the necessity for such specification being inserted in the notice of appeal. The stipulation is as follows: "It is stipulated between the above parties by their respective at-

torneys that the appellant herein is appealing upon questions of law only, and is asking the court to review only the errors set out in the specification attached to his notice of appeal, and is not asking for a trial of the facts in the case in the district court, and is just seeking to have the court try the questions of law raised by the specification attached to the notice of appeal."

It is clear from such stipulation, that plaintiff understood and knew that the appeal was upon questions of law alone. He was in no way deceived or misled, and he had all the notice that he would have had had the proper specification, above referred to, been inserted in the notice of appeal.

Judgment appealed from is reversed, and the case remanded for further proceedings in harmony with this opinion.

Plaintiff is entitled to the costs.

ROBINSON, J. (concurring). In this case plaintiff appeals from a judgment, which is, that his action be dismissed.

In August, 1916, the action was commenced before Jacob Barth, a justice of the peace, to recover $1,350, for labor rendered to the defendant at his request. The summons was returnable August 26, 1916, at 10 A. M. On August 24, Otto Thress, attorney for defendant, made and filed with the justice an affidavit "that he believes he cannot have a fair and impartial trial before Justice Barth by reason of the interest, bias, and prejudice of the said justice of the peace." The affidavit was of no effect. It stated merely the belief of the attorney, and not the belief of his client, and there is no showing that the justice was paid $1 for transferring the case to another justice. However, the justice wrote an order to the effect that the case be sent to Justice R. E. McCain, but there is no showing that the case was ever sent to him. The docket of the justice of the peace is thus: August 26, 1916, at 10 A. M., all parties appeared in court before me, and, upon motion of plaintiff's attorney, order for a change of venue is reversed and case is called for trial at 11 o'clock A. M. Plaintiff makes oral complaint of the matter set out in the summons; the defendant for answer denies every allegation of the complaint. The plaintiff was sworn and testified in his own behalf; the defendant was sworn and testified in his own behalf. The court gave judgment against de-

fendant for $9 and costs. Then defendant served a notice of appeal in which he does not specify any errors of law. The statute is that the district court shall review only errors of law which are specified with reasonable certainty. Comp. Laws 1913, § 9164. Thus it appears that without objection to the jurisdiction of the justice the parties appeared at the time specified in the summons. Plaintiff stated his complaint as in the summons, and defendant answered, denying the same. Each party was sworn and the judgment was for $9. Clearly the justice had jurisdiction. The judgment was duly given. The record shows no reason for dismissing the action.